JEAN BAPTISTE O. BUARD and another *v.* JOHN A. DE RUSSY, Sheriff, and others.

Dowry being the effects which the wife brings to the husband to support the expenses of the marriage, (C. C. 2317,) the income from it, though belonging to the husband, is intended to help him to support the charges of the marriage, such as the maintenance of the husband and wife, their children, &c. Ib. 2329. Such income cannot be seized under execution, or made liable to the payment of debts, the object of the law being to secure to the family, under any circumstances, the means of existence. The act of 22d March, 1842, chap. 128, which provides that the Sheriff shall in no case seize the income of dotal property, was merely declaratory of the law previously in force.

APPEAL from the District Court of Natchitoches, *King*, J.

*Pierson*, for the appellant.

*Sherburne*, for the defendant, contended that the *income* of dotal property may be seized, though not *the right to the income*, citing Toullier, vol. 12, Nos. 401, 402.

SIMON, J. Several executions which had been issued against William Y. Fleury, and Henry M. Fleury, by virtue of judgments obtained on notes signed by Fleury & Brothers, a late commercial firm, composed of the said William, Henry, and Abraham J. Fleury, were levied upon twenty-five bales of cotton, grown on, and found by the Sheriff at the plantation owned by the plaintiffs, and by them cultivated in partnership. The plaintiffs represent, that the cotton seized is the product of their said plantation purchased by them on the 12th of June, 1838, before the marriage of the petitioner, Nathalie Fleury with William Y. Fleury ; that they are the owners, in undivided moieties, of said cotton ; that Nathalie was married to William Y. Fleury, on the 5th of June, 1839 ; that the debts of her husband anterior to the marriage, cannot by law be paid out of the proceeds of her dotal property ; that the debts for which said executions were issued, were owing by her husband, and contracted before said marriage with her ; and that maintenance is due to her and her family out of the income of her dotal and separate property, &c.

The plaintiffs further allege, that there is a partnership existing between them, by private act, dated 12th of June, 1838, in car-

rying on said plantation, and that said plantation and partnership are indebted in the sum of $4500, which must be paid out of the produce thereof, &c ; wherefore, they pray that an injunction may be issued to arrest the sale of the cotton seized ; that the same may be perpetuated, and that the seizing creditors and the Sheriff be condemned to pay, *in solido*, the sum of $1000 damages, for the illegal seizure of the cotton, &c.

The seizing creditors and the Sheriff joined issue by denying the allegations of the petition, and prayed that the injunction might be dissolved, with damages and costs.

This case was tried before a jury, who, under a charge of the court, to which the plaintiffs excepted, returned a verdict dis-- solving the injunction as to Nathalie, the wife of William Y. Fleury, for one-half of the cotton ; and making it perpetual, as to the other plaintiff J. B. O. Buard, for the other half of said cotton. Whereupon, the court, *a qua*, rendered judgment, allowing further in favor of the seizing creditors, interest at ten per cent, to be paid by Nathalie, and her security in the injunction bond. From this judgment, the plaintiffs, after an unsuccessful attempt to obtain a new trial, took the present appeal.

It appears from the evidence, that the plantation and slaves which produced the cotton seized, were purchased by the plain- tiffs from their mother, on the 12th of June, 1838 ; that on the same day, a partnership was contracted between the purchasers, by act under private signature, (the date of this act is not posi- tively shown to have been on the day it purports, but its existence previous to the marriage of Nathalie is satisfactorily established,) for the cultivation of said plantation, under the management and control of J. B. O. Buard; the profits whereof were to be equally divided between the partners. It is further stipulated in the act, that the partnership is to last ten years, and shall not be dissolved by the death, or any other change in the condition of the parties. It is also shown that, on the 5th of June, 1839, Nathalie Buard, and William Y. Fleury entered into a contract of marriage in which it is stated that the wife brings into the marriage, the one-half of the plantation and slaves purchased by herself and her brother from their mother, &c.; and that the partnership existing

between them, owes yet a sum of $50,000, as part of the purchase money.

The record also shows, that the cotton in question was seized on the 14th of December, 1840, at the suit of creditors of the firm of Fleury & Brothers, to satisfy debts due by the said firm, anterior to the marriage of one of its members; and it is admitted that Mrs. Fleury has two children, that her husband is living, that the average crop raised on the plantation, is about 200 bales annually, and that the 25 bales seized, were grown on the said plantation.

With regard to that part of the judgment which perpetuates the injunction as to J. B. O. Buard's portion of the cotton, the appellees not having prayed in their answer, that said judgment be amended, the same must remain undisturbed

The only question which this case presents is, whether the income of Mrs. Fleury's dotal property, can be seized to satisfy her husband's debts, contracted anterior to the marriage? The solution of this question does not, in our opinion, present much difficulty; but we find in the record, a bill of exceptions taken to the charge of the lower court to the jury, in which the Judge, *a quo*, appears to decide it in the affirmative. He says: "The revenues from dotal property, as well as community property, can be seized under execution, to satisfy a debt due by the husband, contracted anterior to marriage. If the contrary were true, marriage might operate as a bar to the recovery of such debts, as would happen when the husband was indebted at the time of marriage, without separate property owned at that time, or subsequently acquired, with which to extinguish them." The jury returned their verdict accordingly.

We are of opinion that the Judge erred. By dowry, (*dot*,) says art. 2317 of the Civil Code, is meant the effects which the wife brings to the husband, *to support the expenses of marriage*, and the income of the dowry, although belonging to the husband; is intended to help him *to support the charges of the matrimony*, such as the maintenance of the spouses, that of their children, &c. Civil Code, art. 2329. The object of the law, therefore, is very clear—that the income of the wife's dotal property, is particularly to be employed in sustaining the family, and procuring them all the necessaries of life. For that purpose, our code contains a

provision, which pieserves the income of the dotal property from being subject to be seized by creditors ; and this provision was undoubtedly adopted, in order to attain the object of the law maker, that the family should not be deprived of the necessary means of existence, in case, from the bad conduct of the husband, or from his bad management of his affairs, he became unable to support his family.   The 1987th art. of the Civil Code provides, that there are rights which cannot be made liable to the payment of debts, such as *the right to the income of dotal property*.   This last article appears to us so clear, that although it has been contended earnestly by the defendant's counsel, that the law does not mean that *the income itself*, should not be subject to seizure, but only *the right* to the income, and that the revenue might be seized, although the right to it could not, we are not prepared to construe it in any other manner, but as containing a positive prohibition from seizing the proceeds or income of the wife's dotal property. We are confirmed in this opinion, by a law passed by the Legislature in 1842, (Session Acts, p. 380,) in which it is enacted, that *the sheriff shall in no case seize the income of dotal property.* This law may be considered as declaratory of the previous law, and as such, although it was not in force at the time the seizure under consideration took place, may be used by us to arrive at a proper interpretation of the law which it has a tendency to explain.

With this view of the question, the judgment of the lower court, based upon a verdict which is evidently the result of the erroneous charge of the Judge, *a quo*, must be reversed ; but as the fact of the cotton seized being a part of the income of one of the plaintiffs' dotal property, is clearly established, and appears to be undisputed, it seems to us unnecessary to remand the case for a new trial.

It is, therefore, ordered, that the judgment of the District Court, so far as it dissolves the injunction obtained by the plaintiffs, as to Mrs. Fleury, and condemns the latter and her surety to pay ten per cent interest, be annulled, and reversed ; that said injunction be made perpetual, *in toto ;* and that the rest of the judgment appealed from be affirmed, the costs in both courts to be paid by the defendants and appellees.